IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RONNIE MAC LAWSON,                §
TDCJ #1225816,                    §
                                  §
          Petitioner,             §
                                  §
v.                                §        CIVIL ACTION NO. H-05-1761
                                  §
DOUG DRETKE, Director,            §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                  §
          Respondent.             §

## MEMORANDUM AND ORDER

The petitioner, Ronnie Mac Lawson, is currently in custody of the Texas Department

of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Lawson has

filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief

from a state court conviction.  The respondent has answered with a motion for summary

judgment, arguing that Lawson is not entitled to federal habeas corpus relief.  (Docket Entry

No. 12).  Lawson has filed a response.  (Docket Entry No. 15).  After considering all of the

pleadings and state court records, as well as the applicable law, the Court **grants** the

respondent's motion, **denies** the petition for habeas corpus relief, and **dismisses** this case for

reasons that follow.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A state grand jury for Brazos County, Texas, returned an indictment against Lawson

on June 12, 2003, charging him with theft of property valued at less then $1500, namely, a

lawnmower.  *See State of Texas v. Lawson*, Cause No. 03-02191-CRF-85-A.  Because Lawson had at least two prior theft convictions, the State enhanced the primary offense alleged in the indictment to increase the punishment range from that of a misdemeanor to a state jail felony.  The State further enhanced the indictment for purposes of punishment with five additional paragraphs alleging that Lawson had as many as five prior felony convictions. A jury in the 85th District Court of Brazos County, Texas, found Lawson guilty as charged of theft, and further found that Lawson had at least two prior convictions for theft, meaning that he faced an enhanced punishment as a habitual offender under the Texas theft statute.

After the jury returned its guilty verdict, Lawson entered into a plea agreement with the State on the issue of punishment.  Under the terms of the plea agreement, the State agreed to forego prosecution of Lawson for perjury that he was alleged to have committed during the trial.  Lawson agreed to plead "true" to enhancement paragraphs four and five of the indictment, which alleged that he had prior felony convictions for aggravated sexual assault in 1984, and for sexual assault in January 1976.  Lawson also agreed to waive his right to appeal.  On March 16, 2004, the trial court sentenced Lawson to a ten-year term of imprisonment pursuant to the terms of the plea agreement.

In June of 2004, Lawson filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge his conviction and sentence.  In that application, Lawson complained that (1) he was threatened by the trial judge; (2) he received ineffective assistance of counsel; (3) the jury was shown a videotape without the sound; (4) his sentence was enhanced wrongfully with an invalid prior felony

conviction; (5) his conviction and sentence were imposed as the result of an involuntary plea; (6) his sentence was enhanced illegally to a felony; (7) his indictment was defective; and (8) there was insufficient evidence to support the jury's guilty verdict.   The Texas Court of Criminal Appeals denied habeas corpus relief without a written order.   *See Ex parte Lawson*, No. 60,260-02 (April 6, 2005).

Lawson has now filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254, presenting claims that are somewhat similar to those raised at the state level.   Here, Lawson seeks federal habeas corpus relief on the following grounds: (1) his indictment was invalid or defective; (2) his sentence was illegally enhanced to a felony based on two prior convictions; (3) the trial judge engaged in misconduct by threatening him; (4) the conviction and sentence were obtained by a plea that was unlawfully induced and not voluntary or knowingly made; and (5) he was denied effective assistance of counsel.   The respondent argues that Lawson has failed to demonstrate that he is entitled to relief under the governing federal habeas corpus standard.   Lawson disagrees.   The parties' contentions are addressed below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

### A.   <u>Summary Judgment</u>

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.   In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.  *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).  However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999)

("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers."). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### B.    Federal Habeas Corpus Review

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court

5

proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Some of the claims that Lawson raises were presented on state habeas corpus review and rejected by the Texas Court of Criminal Appeals. *See Ex parte Lawson*, No. 60,260-02 (Tex. Crim. App. April 6, 2005). As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim). Accordingly, the federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's claims as long as they were adjudicated on the merits and not dismissed for procedural reasons.[1] *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002)

---

[1] Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

(citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the first ("contrary to") clause, a federal district court may grant habeas relief only if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the second ("unreasonable application") clause, a court may grant habeas relief only if the state court correctly divined a legal principle from the Supreme Court's jurisprudence, but misapplied that principle to the facts. *See id*.

Section 2254(d)(2) governs pure questions of fact.  *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000).  Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding.  *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)).  In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence to the contrary."  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework that controls this case.  *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).  Lawson has presented a lengthy memorandum in support of his petition, but he makes no clear effort to demonstrate how he merits relief under the AEDPA standard found in § 2254(d).  For this reason alone, Lawson fails to establish that he is entitled to federal habeas corpus relief.  Nevertheless, Lawson's claims are reviewed briefly below in light of the applicable law.

## III.   DISCUSSION

### A.   Defective Indictment

Lawson's indictment in this case contained numerous paragraphs and allegations of prior convictions that were used to enhance his potential punishment.  *See Ex parte Lawson*, No. 60,260-02 at 27.  Identifying three deficiencies, Lawson complains that his indictment

was invalid.  The respondent disputes that any of the alleged deficiencies rise to the level of

a fatal or fundamental defect that would warrant federal habeas relief.  The Court agrees.

Lawson does not allege that the indictment is defective because it fails to charge an

offense or that the trial court lacked jurisdiction as a result.  The disputed deficiencies in the

indictment relate to allegations that were used to enhance Lawson's punishment.

Importantly, Lawson entered into a plea agreement on the issue of punishment.  The Supreme

Court has determined that such a plea, "intelligently and voluntarily made, bars the later

assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420

U.S. 283, 288 (1975).  This means that any non-jurisdictional defects were waived.  *See*

*Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) (explaining that, once a guilty plea is

entered, any Sixth Amendment challenge is limited to the issues of voluntariness and the

defendant's understanding of the nature of the charges brought against him and the

consequences of his plea), *cert. denied*, 484 U.S. 1014 (1988); *Smith v. Estelle*, 711 F.2d

677, 682 (5th Cir. 1983) (holding that a voluntary guilty plea waives all non-jurisdictional

defects, including claims for ineffective assistance of counsel, except where the alleged

ineffectiveness bears upon the voluntariness of the guilty plea), *cert. denied*, 466 U.S. 906

(1984).  For reasons discussed in more detail below, Lawson has failed to show that his

decision to enter into a plea agreement on the issue of punishment was involuntarily or

unknowingly made.  Therefore, Lawson waived any complaint about the alleged defects in

the indictment.

Moreover, it is settled that the sufficiency of a state charging instrument "is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied sub nom. Williams v. Scott*, 513 U.S. 854 (1994) (citations omitted). Where the state courts have held that a charging instrument is "sufficient under state law, a federal court need not address the issue." *Id.* (citations omitted). The Fifth Circuit has determined that, by refusing to grant a habeas petitioner's request for relief, "the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." *Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985) (citations omitted).

In this instance, the purported deficiencies in Lawson's charging instrument were raised and rejected on state habeas corpus review. As the Texas courts have already necessarily decided that Lawson's indictment was sufficient, this Court "need not address" that question. *McKay*, 12 F.3d at 69. Alternatively, the Court considers the errors referenced by Lawson briefly below and fails to find any defect that rises to the level of a constitutional violation.

The first error identified by Lawson is a typographical mistake in one of the cause numbers for a prior theft conviction that was used to enhance the punishment for his primary offense. Specifically, Lawson points to a prior theft offense that was listed incorrectly as cause number 1425-02-2, when it should have been cause number 1452-02-2. The record

10

shows that this typographical error was corrected prior to trial.  *See Ex parte Lawson*, No. 60,260-02 at 27. Lawson does not suggest how he was prejudiced by this error, if any.

Secondly, Lawson complains that two prior theft convictions alleged in the indictment were invalid for purposes of enhancement because they were entered against him on the same date (cause numbers 1452-02-2 and 1836-02-1).  The respondent explains that these prior theft convictions were used to enhance the primary allegation of theft of property valued at less than $1500 from a Class A misdemeanor to a state jail felony.  *See* TEX. PENAL CODE § 31.03(e)(3).  The respondent correctly notes, and Lawson does not dispute, that state law does not require prior convictions to be entered on different days in order to be valid for enhancement purposes.

The third error cited by Lawson concerns a prior felony conviction for aggravated sexual assault entered against him in the 21st District Court of Burleson County in cause number 9497.  Lawson complains that the indictment incorrectly listed this prior felony conviction as entered against him on June 12, 1984.  Lawson correctly notes that this conviction was overturned and remanded to the trial court in 1988.  However, Lawson does not dispute that he eventually pled guilty to the same offense in the same cause number on January 11, 1989. He fails to show that the conviction listed in this enhancement paragraph was invalid for purposes of punishment.  Absent a showing that any of the foregoing errors constituted a fatal defect, Lawson fails to show that the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established federal law.  Lawson is not entitled to federal habeas corpus relief on this claim.

11

B.    **Illegal Sentence Enhancement**

Lawson complains that his sentence was enhanced illegally. In support of that claim, Lawson regurgitates arguments similar to those raised in support of his challenge to the foregoing alleged deficiencies in the indictment. As with that claim, Lawson's voluntary and intelligent plea to the issue of punishment waives any non-jurisdictional defect in his sentencing proceeding. Alternatively, a review of Lawson's complaints shows that his arguments are without merit.

Lawson complains that his sentence was illegally enhanced with a prior felony conviction that was overturned on appeal. Lawson refers to the 1984 aggravated sexual assault conviction entered against him in cause number 9497. It is true that this conviction was overturned. As noted above, however, Lawson does not contest that he pled guilty to the charges alleged against him in that cause number in 1989, after the case was remanded to the trial court. Therefore, any claim that his sentence was illegally enhanced with the prior conviction entered in cause number 9497 is without merit.

Lawson adds a claim that his sentence was illegal because the State made handwritten corrections to the portion of the indictment listing the cause number of his prior theft conviction in cause number 1425-02-2, which should have been listed as cause number 1452-02-2. *See Ex parte Lawson*, No. 60,260-02 at 27. Lawson alleges that, by correcting this cause number by hand prior to trial, the State amended the indictment without his consent and deprived him of the requisite ten days to prepare for trial following such an amendment as a matter of Texas law.

12

The respondent argues that Lawson is not entitled to relief on this claim because changing a typographical error by hand is an acceptable means of amending an indictment under Texas law. *See Riney v. State*, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000) ("Physical interlineation of the original indictment is an acceptable . . . means of effecting an amendment to the indictment."). More importantly, the respondent notes that the error, if any, arises under state law. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Lawson fails to demonstrate that either error alleged to have contributed to an illegal sentence rises to the level of a constitutional claim. It follows that Lawson fails to show that the state court's decision to reject this claim was contrary to, or involved an unreasonable application of, clearly established federal law. For this reason, federal habeas corpus relief is unavailable.

## C.  <u>Judicial Misconduct</u>

Lawson complains that the trial judge engaged in misconduct by threatening him during his testimony at trial. Specifically, Lawson states that, when he tried to tell his "side of the story" to the jury, the trial judge threatened him with perjury charges. The respondent argues that this claim is without merit.

At trial, Lawson told the jury that he bought the lawnmower that he was accused of stealing from an acquaintance named Charles Taylor for the sum of $12 or $15. (Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 5). According to Lawson,

13

Charles Taylor admitted to Lawson that he was the one who stole the lawnmower and that Taylor made this supposed admission when he and Lawson found themselves sharing the same holding cell at the local jail after the offense occurred. (*Id.* at 17). After Lawson told this story to the jury, the trial court called a recess.

When the trial reconvened, the trial court issued a warning to Lawson, outside of the jury's presence, about the consequences of committing perjury or aggravated perjury and provided him with the definition of these offenses as defined by Section 37.02 of the Texas Penal Code. (*Id.* at 21). The trial court noted that perjury was a third degree felony and that, as a habitual felon, Lawson could face a prison sentence of "25 to life" if convicted of committing perjury. (*Id.*). The judge then informed Lawson that he had checked the computer in an effort to locate Charles Taylor and learned that there had not been a Charles Taylor in the jail since 1997, well before the theft at issue had occurred. (*Id.* at 21-22). The trial judge then gave Lawson an opportunity to retract his statement if it was false. (*Id.* at 22-24).

Presumably, although it is by no means clear from the pleadings, Lawson complains that the trial court engaged in misconduct because the judge's remarks reflected an impermissible bias. The Supreme Court has commented that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In this instance, the complained of remarks are not threatening in any way and they do not otherwise indicate the presence of unfair bias or

14

antagonism towards Lawson on the trial court's part.  Rather, the record indicates that the

trial court was attempting to help Lawson avoid additional prosecution for violating Texas

law by making a material false statement during an official proceeding:

> COURT:    Look, I'm not here to give you anything other than this warning: You
> still have a right and ability to retract a false statement of material fact
> before this jury.  You still have that ability –
>
> LAWSON:   Yes, sir.
>
> COURT:     – because I didn't let your lawyer rest before I let the jury go.

(Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 23).  Lawson does not

dispute that, if convicted of aggravated perjury, his lengthy criminal record meant that he

would have faced punishment as a habitual felon and a potential prison sentence of twenty-

five years to life.

Lawson cites no authority, and the Court's research reveals none, showing that a trial

judge commits misconduct merely by warning a criminal defendant, outside of the jury's

presence, about the consequences of committing perjury.  Lawson does not demonstrate that

the trial judge engaged in misconduct or that the state court's decision to reject this claim

was contrary to, or involved an unreasonable application of, clearly established federal law.

Therefore, Lawson does not show that he is entitled to federal habeas corpus relief on this

claim.

### D.    Unlawfully Induced Plea

Lawson alleges that his conviction was obtained by a plea that was unlawfully

induced by the trial court's threatening remarks.  As outlined above, Lawson did not plead

guilty to the theft charges lodged against him in this case.  A jury found Lawson guilty as charged in the indictment of offenses that exposed him to a lengthy prison sentence because of his status as a habitual offender.  The plea at issue in this case was made by Lawson at the punishment phase of the trial in exchange for an agreed recommendation from the State for a ten-year prison sentence.  (Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 31).  In addition, the State also agreed not to prosecute Lawson for perjury or aggravated perjury in connection with any false statements that he made during the trial. (*Id*. at 31-32). It is this plea agreement that Lawson contends was unlawfully induced by the trial court's misconduct.

To prevail, Lawson must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).  Lawson cannot make this showing.  As discussed above, Lawson has failed to demonstrate that the trial court engaged in misconduct in his case.  Moreover, the record undercuts Lawson's claim that his plea was unlawfully coerced.

The record shows that the trial court explained the terms of the plea agreement for punishment of ten years in prison and that, in exchange for Lawson's agreement to waive any right to appeal, the State would promise not to prosecute him for any aggravated perjury committed during the trial.  (Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 32).  The trial court specifically asked Lawson whether his decision to enter the plea agreement for the punishment recommended by the State was voluntary:

16

| | | |
|---|---|---|
| COURT: | Now, do you understand you have a right to proceed and have the jury assess your punishment in this case? | |

COURT:    Now, do you understand you have a right to proceed and have the jury assess your punishment in this case?

LAWSON:    Yes, sir.

COURT:    Is anyone forcing you to give up your right to have a jury make this decision?

LAWSON:    No, sir.

* * * *

COURT:    All right.  Mr. Lawson, do you have any reason why I should not approve [this plea agreement as to punishment]?

LAWSON:    No, sir.

(Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 32-33).  In addition to his statements in open court, Lawson signed a written plea agreement outlining the terms. *See Ex parte Lawson*, No. 60,260-02 at 41.  Lawson indicated further by signing a written waiver of the right to appeal that he "voluntarily, knowingly, and intelligently waived such right," and that he understood its consequences.  *Id.* at 60.

The record in this case establishes that Lawson was fully admonished about his constitutional rights and the consequences of entering a plea at the punishment phase of the trial.  The assurances of voluntariness given by Lawson in open court and in writing demonstrate that his decision to enter a plea was freely and knowingly made.  The Supreme Court has held that "solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.  Lawson presented no evidence to rebut this presumption at the state level, and he includes none here.  Because the record establishes that Lawson's plea

was voluntarily and knowingly made, Lawson has not demonstrated that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, Lawson is not entitled to federal habeas corpus relief on this issue.

### E.   Ineffective Assistance of Counsel

The respondent has meticulously combed through the memorandum submitted by Lawson and outlined the following alleged deficiencies by his counsel:  (1) he damaged Lawson's defense by correcting a police officer's testimony about a shoe print to match testimony given by another officer; (2) he put Lawson on the witness stand without telling him that he could be impeached with his past offenses; (3) he failed to call witnesses requested by Lawson; (4) he did not fully investigate the case; (5) he did not have a sound trial strategy and depended on Lawson to take the stand in his own defense; (6) he did not object to the cruel and unusually high bond among other things; (7) he misled Lawson about his right to appeal; (8) he failed to do anything when Lawson was forced to lie on the witness stand and Lawson proved that he did not lie; (9) he made no closing argument; (10) he did not ask sufficient questions of the State's witnesses; (11) he did not object when the State played a videotape without the audio; (12) he did not object when the State asked a witness to testify about what the videotape depicted; (13) he did not argue the fact that both witnesses could not identify Lawson as the perpetrator; (14) he made no objection to the enhancement paragraphs listed in the indictment; (15) he did not object that the indictment listed the wrong cause number in one of the enhancement paragraphs; (16) he was working

with the State and against Lawson; and (17) he prejudiced Lawson's case when he allowed

him to plea bargain for a ten-year prison sentence.  (*See* Docket Entry No. 12, *Summary*

*Judgment Motion*, at 3-4; Docket Entry No. 1, *Memorandum*, 35-51).  The respondent

objects that most of Lawson's ineffective-assistance claims were not raised or fairly

presented to the state courts.  The respondent argues, therefore, that these claims are

unexhausted.

### 1.      The Doctrine of Exhaustion

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and

(c), provide that relief "shall not be granted" unless the applicant "has exhausted the

remedies available in the courts of the State[.]"  Thus, a petitioner "must exhaust all available

state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d

410, 414 (5th Cir. 1995).  Exceptions exist only where there is an absence of available State

corrective process or circumstances exist that render such process ineffective to protect the

rights of the applicant.  28 U.S.C. § 2254(b).  The doctrine of exhaustion reflects a policy

of federal/state comity.  *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The exhaustion requirement is not met where the petitioner presents new legal

theories or factual claims in his federal habeas petition.  *See Finley*, 243 F.3d at 219 (citing

*Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).  In that respect, "the policies of comity and

federalism underlying the exhaustion doctrine" require that "new factual allegations in

19

support of a previously asserted legal theory" be first presented to the state court. *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.), *cert. denied*, 479 U.S. 1010 (1986); *see also Graham v. Johnson*, 94 F.3d 958, 968-69 (5th Cir. 1996).  Importantly, the Fifth Circuit has recognized that where a petitioner lodges multiple claims for ineffective assistance of counsel each distinct allegation of ineffective assistance must be exhausted. *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999).

A liberal reading of the rambling state habeas corpus application filed by Lawson shows that he presented, at most, the substance of the allegations found in claims 3, 6, 7, 11, and 15, as outlined above.  He did not exhaust the distinct allegations made by him in claims 1, 2, 4, 5, 8, 9, 10, 12, 13, 14, 16, and 17.  *See Ex parte Lawson*, No. 60,260-02 at 6, 14. Accordingly, these claims are unexhausted.  The respondent argues that the unexhausted allegations are further barred from federal habeas corpus review by the doctrine of procedural default.

## 2.    The Doctrine of Procedural Default

It is well established that "[i]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley*, 243 F.3d at 220 (citing *Coleman*, 501 U.S. at 735 n.1, and *Sones*, 61 F.3d at 416).  Article 11.07, § 4 of the Texas Code of Criminal Procedure prohibits a Texas court from considering a successive habeas corpus application on the merits unless the petition satisfies one of the following exceptions:

(1)    the current claims and issues have not been and could not have been
       presented previously in an original application or in a previously
       considered application filed under this article because the factual or
       legal basis for the claim was unavailable on the date the applicant filed
       the previous application; or

(2)    by a preponderance of the evidence, but for a violation of the United
       States Constitution no rational juror could have found the applicant
       guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).   Lawson's unexhausted ineffective-

assistance claims could have been raised in his state habeas corpus application.   Because

Texas would bar another habeas corpus application by the petitioner at this late date, this

default represents an adequate state procedural ground which, in turn, bars federal review

of his claims.   *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.

1995)).

       "In all cases in which a state prisoner has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred unless the prisoner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman v.

Thompson*, 501 U.S. 722, 750 (1991).   "This doctrine ensures that federal courts give proper

respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert.

denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)

(explaining that the cause and prejudice standard is "grounded in concerns of comity and

federalism"); *Coleman*, 501 U.S. at 750 (recognizing "the important interest in finality served

21

by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them").

Lawson has filed a response to the summary judgment motion.  (Docket Entry No. 15).  He does not dispute that he failed to exhaust all of his ineffective-assistance claims by presenting them properly before the state courts.  Likewise, Lawson does not argue that he is actually innocent or that the fundamental miscarriage of justice exception somehow applies in this case.[2]  Therefore, the unexhausted ineffective-assistance claims are procedurally barred unless Lawson can demonstrate both cause and actual prejudice for the default.

The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Examples of external impediments include active government interference or the reasonable

---

[2]    The fundamental-miscarriage-of-justice exception to the doctrine of procedural default is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him.  *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.), *cert. denied*, 514 U.S. 1123 (1995). To make this showing the petitioner must prove that, as a factual matter, he did not commit the crime for which he was convicted. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)).  "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2000) (quoting *Fairman*, 188 F.3d at 644) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).

unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.), *cert. denied*, 520 U.S. 1267 (1997). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000), *cert. dism'd*, 531 U.S. 1134 (2001) (citing *Strickler v. Green*, 527 U.S. 263, 119 S. Ct. 1936, 1952 (1999)).

Other than pointing to his *pro se* status, Lawson makes no effort to establish cause for his default. Although Lawson filed his state habeas corpus application without the aid of counsel, it is well established that neither indigence nor *pro se* status constitutes cause for a petitioner's procedural default. *See, e.g., McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir. 1995) (recognizing that a petitioner's *pro se* status is not an objective external factor which qualifies as cause for failure to raise a claim) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)). Lawson points to no other objective factor external to his defense which prevented his compliance with state procedure. Likewise, Lawson fails to demonstrate actual prejudice by establishing that any of the unexhausted ineffective-assistance claims are valid. The Court concludes therefore that ineffective-assistance claims 1, 2, 4, 5, 8, 9, 10, 12, 13, 14, 16, and 17 are barred from federal habeas corpus review by the doctrine of procedural default. Lawson's remaining ineffective-assistance claims (claims 3, 6, 7, 11, and 15) are reviewed below.

### 3.   Remaining Ineffective-Assistance Claims

Lawson's remaining ineffective-assistance claims include allegations that his counsel was deficient for the following reasons: (3) he failed to call witnesses requested by Lawson; (6) he did not object to the cruel and unusually high bond set by the trial court, among other things; (7) he misled Lawson about his right to appeal; (11) he did not object when the State played a videotape during the trial without the audio; and (15) he did not object that the indictment listed the wrong cause number in one of the enhancement paragraphs. Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful claim under *Strickland*, a federal habeas corpus petitioner must establish (1) that his counsel's performance was constitutionally deficient, and (2) that actual prejudice occurred as a result of that deficient performance. *See Riley v. Cockrell*, 339 F.3d 308, 315 (5th Cir. 2003). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective-assistance claim. *See Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999) (citations omitted).

Counsel's performance is deficient under *Strickland* if it falls "below an objective standard of reasonableness." *Riley*, 339 F.3d at 315. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (citing *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993), *cert. denied*, 509 U.S. 921 (1993)). To overcome this presumption, a petitioner "must identify the

24

acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson*, 950 F.2d at 1065.

Even if deficient performance is shown, mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. An ineffective-assistance claim cannot be sustained without "strong proof of prejudice." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003). In that regard, the petitioner must still demonstrate that counsel's deficient performance rendered the verdict "unfair or unreliable" *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). To meet this burden the petitioner has the affirmative duty to prove that but for counsel's deficient assistance, there is a reasonable probability that the outcome of the proceeding would have been different. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). Each of the petitioner's remaining ineffective-assistance allegations is reviewed below under this deferential standard.

### a.    Failure to Call Witnesses

Lawson complains that his counsel was deficient because he failed to call witnesses on his behalf. (Claim 3). Lawson indicates that his counsel should have called Lawson's father and brother, as well as the supposed perpetrator of the theft, Charles Taylor. (Docket Entry No. 1, *Memorandum*, at 24-25, 43). The respondent notes that Lawson does not present an affidavit or other sworn account from any of the witnesses he claims that his counsel should have called. This is fatal to his claim.

The Fifth Circuit has emphasized that "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. (citation omitted.) Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir.1986); and citing *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir.1985); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983); and *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978)).  To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).  Absent affidavits (or similar matter) from any of the above-referenced witnesses, Lawson's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on his trial counsels' part.  *See Sayre*, 238 F.3d at 636.  Because Lawson has not provided any support for his claim, he fails to establish that his counsel was deficient for failing to call certain witnesses.

### b.      Failure to Object to the Bond

Lawson complains that is counsel was deficient for failing to object to the cruel and unusually high bond set by the trial court.  (Claim 6).  According to Lawson, the trial court set a pretrial bond of $61,000.  The respondent points out that Lawson has an extensive

criminal record with many prior felonies.  Lawson does not dispute this and he does not otherwise attempt to show that the bond was unreasonably high or that his counsel had a valid objection.

The Fifth Circuit has made clear that conclusory ineffective-assistance claims of the type made by the petitioner do not merit federal habeas corpus relief.  *See, e.g.*, *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)), *cert. denied*, 537 U.S. 1084 (2002); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).  Other than his own conclusory argument that the bond was excessive, Lawson does not demonstrate that his counsel had grounds to lodge an objection.  Absent a showing that his counsel failed to make a valid objection to the bond, the petitioner's conclusory allegations fail to demonstrate deficient performance.

### c.    Failure to Object to the Videotape

Lawson complains that his counsel did not object when the State played a videotape for the jury without the audio.  (Claim 11).  Lawson explains that the State played a videotape "without the volume," while an officer testified about what the videotape showed. (Docket Entry No. 1, *Memorandum*, at 42-43).  The videotape apparently showed Lawson

pushing the stolen lawnmower down the street.  Lawson does not explain what the audio portion of the tape would have shown, or how it would have benefitted him.  Lawson's conclusory allegation that his counsel was ineffective, without more, does not raise a constitutional issue and does not merit federal habeas corpus relief.  *See, e.g.*, *Collier*, 300 F.3d at 587.

### d.    Failure to Object to the Indictment

Lawson also complains that his counsel erred by failing to object to a typographical error in the indictment concerning an incorrect cause number in one of the enhancement paragraphs.  (Claim 15).  At the state court level, Lawson's attorney responded that he noticed a variance in the cause number for the theft conviction listed in the indictment as cause number 1425-02-2.  The record shows that the indictment was amended to reflect the correct cause number 1452-02-2 prior to trial. This claim was addressed above in connection with Lawson's challenge to certain defects in the indictment.  Lawson fails to show that the error, if any, was material or that his counsel was deficient for failing to raise an objection. Accordingly, Lawson fails to demonstrate that his counsel's performance was deficient or that he was actually prejudiced as a result.

### e.    Failure to Advise About Right to Appeal

Lawson complains that his counsel was deficient for failing to advise him correctly about his right to appeal.  Lawson appears to complain that his attorney told him in error that he could not appeal if the jury sentenced him, but that he could appeal if he let the judge impose sentence.  (Docket Entry No. 1, *Memorandum*, at 47).  Lawson's attorney disputes

28

that he advised his client incorrectly.  *See Ex parte Lawson*, No. 60,260-02 at 47.  In an affidavit filed on state habeas corpus review, Lawson's attorney explained that his client was probably confusing the issue of his ability to appeal with his eligibility for probation:

> I probably did advise him that he was not eligible for probation from the jury, due to his confinement in prison, but that he was eligible to receive probation from a judge.  Thus, I believe that applicant has confused his ability to appeal with his eligibility for probation.

*See id*.  The state habeas corpus court rejected Lawson's claim after considering the explanation given by counsel.

The record in this case shows that the trial court explained Lawson's right to an appeal when it accepted his plea to the agreed range of punishment proposed by the State. (Court Reporter's Record, *Excerpt of Jury Trial*, March 9, 2004, at 32-33).  Likewise, the record contains a written waiver signed by Lawson, which clearly explains his right to appeal.  *See Ex parte Lawson*, No. 60,260-02 at 41.  Lawson does not show that he was misinformed about his right to appeal or that his counsel's performance was deficient. Lawson does not demonstrate that the state court's decision to reject his ineffective-assistance claim was clearly incorrect, or that it was based on an unreasonable interpretation of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2).  It follows that Lawson does not show that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, the well-settled *Strickland* standard. The Court concludes, therefore, that Lawson is not entitled to federal habeas corpus relief on any of his ineffective-assistance claims.

29

IV.    **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has carefully considered all of the pleadings and the entire record.  Based on this review, and for the reasons set forth above, the Court concludes that jurists of reason would not debate whether any of the procedural rulings are correct, or whether any assessment of the above-referenced constitutional claims is debatable or wrong.  Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue in this case.

V.    **CONCLUSION**

The petitioner has failed to establish a legal basis for the relief that he seeks. Accordingly, for all of the foregoing reasons, the Court **ORDERS** as follows:

1.      The respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED**.

2.      The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **January 6, 2006.**


_____
Nancy F. Atlas
United States District Judge

31